*The Law Offices of Shimshon Wexler, PC*
*PO Box 250870*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

October 4th, 2012

<u>VIA FAX and CM/ECF</u>
Hon. Frederic Block, U.S.D.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   <u>Deochar, on behalf of himself and the class v. Specialized Loan Servicing, LLC 12-cv-4170-FB-JO</u>

Dear Judge Block:

I am the attorney for the plaintiff in this action. This letter is submitted to request a pre-motion conference prior to plaintiff making a motion for class certification and providing a brief period of time on which basic class discovery can be accomplished prior to making the motion.

This is a Fair Debt Collection Practices Act ("FDCPA") *15 U.S.C. § 1692 et seq.* case. Plaintiff alleges that defendant is a debt collector and defendant failed to send him various disclosures required by *§ 1692g*, such as the opportunity to dispute the debt and request verification of the debt, within 5 days of the initial communication from the defendant as required by the FDPCA.

The complaint was filed on August 22nd. On September 18th defendant was granted an extension to respond to the complaint until October 12th. On October 3rd defendant filed an offer of judgment only for the named plaintiff's claims for $1,001- the plaintiff was seeking $1,000 in statutory damages. This offer provides no relief for the class members.

Defendant is attempting to "pick off" the named plaintiff's claims by offering him complete relief for his claim and thus there would be no case or controversy before this court and the claims of the class would be moot. Plaintiff has not had an opportunity to engage in discovery related to the class allegations. Specifically, plaintiff has not had an opportunity to conduct discovery in regards to the number of similarly situated people as plaintiff and as to the net worth of the defendant.

The FDCPA caps a statutory damage award for an individual plaintiff at $1,000 and a statutory damages award for the class at the lesser of 1% of the defendant's net worth or $500,000. *15 U.S.C. § 1692k*. Thus, if the defendant's net worth would only allow a *de minimus* recovery for each class member, plaintiff would have to evaluate whether this case should proceed as a class action. In addition, a class can only be maintained if there are at least 40 members. *Reid v. SuperShuttle Int'l, Inc.*, 2012 U.S. Dist. LEXIS 113117 (E.D.N.Y.). Plaintiff has to know the number of potential class members.

Court's have rendered different decisions regarding the situation presented here where defendant attempts to moot the claims of the class prior to plaintiff being given an opportunity to conduct discovery. Thus, plaintiff wants to make sure that the class claims are preserved.

Plaintiff thanks the Court for its attention to this matter.

Respectfully Submitted,

_____
Shimshon Wexler

Cc: Jason Manning, Esq.