JASON E. MANNING
757.687.7564 telephone
757.687.1524 facsimile
jason.manning@troutmansanders.com



**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
757.687.7500 telephone
troutmansanders.com

October 12, 2012

**VIA ELECTRONIC CASE FILING**

The Honorable Frederic Block
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re: Deochar v. Specialized Loan Servicing, LLC (Case No.: 12-cv-4170)**

Dear Judge Block:

  Our firm represents Defendant Specialized Loan Servicing, LLC ("SLS") in the putative class action filed by Plaintiff Chandramattie Deochar ("Plaintiff"). We respectfully request that the Court schedule a pre-motion conference to set briefing deadlines on Defendant's Motion to Dismiss Plaintiff's putative class action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a legally cognizable claim. This letter also responds to Plaintiff's pre-motion conference request submitted on October 4.

  This case arises from Defendant's debt verification letter to Plaintiff containing disclosures under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff's Complaint does not allege failure to make *any* of the required disclosures. In fact, during a telephone conference with Defendant's counsel, Plaintiff's counsel freely admitted that the letter *fully* complies with the FDCPA disclosure requirements. Plaintiff's *only* claim concerns the timing of the letter, which was sent within eight (8) days of SLS' first communication with Plaintiff, as opposed to five (5) days.[1] Plaintiff does not allege that he suffered any actual damages and does not request any in his Complaint but seeks to recover statutory penalty and attorney's fees.

  On October 3, 2012, Defendant submitted the Offer of Judgment to Plaintiff for the maximum relief sought, including $1,001 in statutory penalties and Plaintiff's reasonable attorney's fees as determined by the Court. On October 4, 2012, Plaintiff's counsel filed a letter asking the Court to decide preemptively whether Defendant's Offer of Judgment, which was

---

[1] SLS disputes that the five-day period was triggered because SLS' first communication with Plaintiff (the "Welcome Letter") was *not* in connection with the collection of debt. The Welcome Letter does not contain any deadlines for payment or a demand to make a payment. Rather, it was sent pursuant to RESPA and informs Plaintiff that the servicing of his loan was transferred to SLS and the billing statement will be mailed within seven (7) days.

TROUTMAN
SANDERS

The Honorable Judge Frederic Block
October 12, 2012
Page 2

served on Plaintiff prior to any motion for class certification and which Plaintiff rejected, moots class claims in Plaintiff's Complaint.

In light of Plaintiff's rejection of the offer of judgment, plaintiff cannot be a class representative because his claims are moot.  In the Second Circuit, "[i]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994) (citing *Board of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30 (1975)); *see also Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980) ("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified.").

This Court has dismissed FDCPA class claims based on a Rule 68 offer of complete relief to an individual plaintiff prior to class certification.  *See, e.g., Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (Nickerson, J.) (holding an offer of judgment for the maximum relief sought under the FDCPA mooted class claims where "no class has been certified and plaintiff has not moved for certification"); *see also Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 159-60 (E.D.N.Y. 2003) (Spatt, J.) (adopting the reasoning in *Ambalu* and dismissing class claims upon rejection of the individual offer of judgment where motion for  class certification was not filed); *Tratt v. Retrieval Masters Creditors Bureau, Inc.*, 2001 U.S. Dist. LEXIS 22401, *5-6 (E.D.N.Y. May 23, 2001) (Glasser, J.) (same); *cf. Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85, 87-88 (E.D.N.Y. 2001) (agreeing with reasoning in *Ambalu* but distinguishing facts because "because Rule 68 offer of judgment did not offer the maximum amount recoverable under the FDCPA"); *see also Briggs v. Arthur T. Mott Real Estate LLC*, 2006 U.S. Dist. LEXIS 82891, *8-12 (E.D.N.Y. Nov. 14, 2006) (Hurley, J.) (following *Ambalu* reasoning and dismissing a proposed collective action under the FLSA because the offer of judgment was made before a motion for certification was filed).

The Sixth and Seventh Circuits have also held that, where the class representative's claim becomes moot before certification, dismissal of the class claims is required.  *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. Ill. 2011) (holding that a Rule 68 offer of judgment to the individual plaintiff, which preceded a motion for class certification, mooted class claims); *accord Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. Ohio 1993) (settlement of the named plaintiff's individual claim has rendered class claims moot where there was no motion for class certification).

Some other rulings have fashioned an "undue delay" exception to the mootness doctrine holding that, upon an offer of judgment to the individual plaintiff, class claims are not rendered moot as long as there has not been undue delay in pursuing class certification.  *Vega v. Credit Bureau Enters.*, 2003 U.S. Dist. LEXIS 11539, *2-5 (E.D.N.Y. 2003) (Trager, J.) (refusing to dismiss class claims where plaintiff did not have a reasonable opportunity to move for class certification prior to a defendant's offer of judgment); *Weiss v. Fein, Such, Kahn & Shepard,*

TROUTMAN
SANDERS

The Honorable Judge Frederic Block
October 12, 2012
Page 3

*P.C.*, 2002 U.S. Dist. LEXIS 4783, P.C. (S.D.N.Y. March 22, 2002) (ruling on the pending class certification motion before addressing the Rule 68 offer and motion to dismiss to avoid the conflict between Rule 23 and Rule 68); *accord Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004).

The Second Circuit has not addressed this issue, but the plain language of Rule 68 and the more persuasive precedent supports dismissal of Plaintiff's Complaint. First, maintaining jurisdiction over moot claims runs afoul of Article III of the Constitution, which limits the jurisdiction of federal courts to cases or controversies. *Damasco*, 662 F.3d at 896 ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III."). Second, it flatly contradicts the "plain purpose of Rule 68," which is "to encourage settlement and avoid litigation." *Ambalu*, 194 F.R.D. at 453 (citing *Marek v. Chesny*, 473 U.S. 1, 5 (1985)). Importantly, proposed amendments to make Rule 68 inapplicable to class actions were rejected. *See* Comm. on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure (Sept. 1984), *reprinted in* 102 F.R.D. 407, 433 (1985).

Plaintiff's concern that he is being "picked off" is without merit. Nothing prevents a purported class representative from filing a motion for class certification with his Complaint. *Damasco*, 662 F.3d at 896 (suggesting this as an easy resolution to reconcile Rules 23 and 68). Plaintiff did not do so. Defendant offered Plaintiff the maximum relief sought under the FDCPA. Plaintiff rejected Defendant's Offer of Judgment. No class has been certified and no motion for class certification has been filed. Plaintiff is not prejudiced in any way, and he cannot be an adequate class representative because he has been offered the maximum relief. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 484 (2d Cir. 1995) (to adequately represent the class, plaintiff must have sufficient interest in the outcome). Therefore, Plaintiff's putative class action should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

We contacted Plaintiff's counsel after receiving his letter and confirmed that we are available at the Court's convenience. We respectfully request that the Court schedule a telephone conference to set a briefing schedule on Defendant's Motion to Dismiss Plaintiff's Complaint.

Respectfully yours,
/s/ Jason E. Manning

c:     Shimshon Wexler (counsel for Plaintiff, via ECF)

20149752v1