IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

CHANDRAMATTE D. DEOCHAR, *on behalf of himself and all similarly situated individuals*,
      Plaintiff,

    v.                                      Civil Action No. **1:12-cv-04170-FB-JO**

SPECIALIZED LOAN SERVICING, LLC,

      Defendant.

## ANSWER

Defendant Specialized Loan Servicing, LLC ("SLS" of "Defendant"), by counsel, submits the following Answer to Plaintiff's Complaint.

## INTRODUCTION

1.    The allegations set forth in Paragraph No. 1 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

2.    The allegations set forth in Paragraph No. 2 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

## JURISDICTION AND VENUE

3.    The allegations set forth in Paragraph No. 3 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

4.    In response to the allegations contained in Paragraph No. 4 (a), Defendant admits that it does business within the Eastern District of New York. The allegations in Paragraph No.

4 (b) are denied as stated. Defendant admits that the alleged actions giving rise to this lawsuit occurred in the Eastern District of New York but denies that it is liable to Plaintiff in any way or that Plaintiff has suffered any injury as a result of Defendant's actions.

## **PARTIES**

5. Defendant lacks knowledge of information sufficient to form a belief as to the allegations in Paragraph No. 5 of the Complaint, and therefore denies same.

6. Defendant admits the allegations in Paragraph No. 6 of the Complaint.

7. The allegations in Paragraph No. 7 are denied as stated. In response, Defendant avers it is engaged in the business of servicing loans.

8. The allegations in Paragraph No. 8 are denied as stated. In response, Defendant avers that its business includes services loans for others.

9. The allegations set forth in Paragraph No. 9 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

10. The allegations set forth in Paragraph No. 10 are denied. In response, Defendant avers that it holds license number 1415614.

11. The allegations set forth in Paragraph No. 11 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

## **FACTS**

12. In Paragraph No. 12, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent the Plaintiff's allegations vary from the documents, they are denied. To the extent any fact is alleged in this Paragraph, any

such fact is denied.

13. In Paragraph No. 13, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent the Plaintiff's allegations vary from the documents, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

14. In Paragraph No. 14, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent the Plaintiff's allegations vary from the documents, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

15. The allegations set forth in Paragraph No. 15 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

16. The allegations set forth in Paragraph No. 16 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

17. The allegations set forth in Paragraph No. 17 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

18. In Paragraph No. 18, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent the Plaintiff's allegations vary from the documents, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

20. The allegations set forth in Paragraph No. 20 are denied.

21. The allegations set forth in Paragraph No. 21 contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any fact is alleged in this Paragraph, any such fact is denied.

22. Defendant lacks knowledge of information sufficient to form a belief as to the allegations in Paragraph No. 22 of the Complaint, and therefore denies same.

23. The allegations set forth in Paragraph No. 23 are denied.

24. The allegations set forth in Paragraph No. 24 are denied.

## CLASS ALLEGATIONS

25. Defendant denies Plaintiff has met the requirements of Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure to bring this action.

26. Defendant denies the allegations contained in Paragraph No. 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph No. 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph No. 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph No. 31 of the Complaint and further denies the allegations and claim for relief contained in the unnumbered

"WHEREFORE" Paragraph immediately following Paragraph No. 31 of the Complaint.

32.   Defendant denies that it is liable to Plaintiff or any purported class members in any manner whatsoever for the requests for relief set forth in the Complaint.

33.   All allegations not specifically admitted herein are denied.

34.   Defendant reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

35.   Defendant reserves the right to amend its Answer to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE AND OTHER DEFENSES

1.   SLS avers that all of the claims in the Complaint fail to state a plausible claim against SLS upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009).

2.   SLS avers that Count I of the Complaint should be dismissed because those counts fail to state claims or causes of action for which relief may be granted.  SLS reserves the right to file a Motion to Dismiss Count I of the Complaint.

3.   SLS avers that the Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23; and cannot, therefore, properly proceed as a "class action."

4.   This Court lacks subject matter jurisdiction because Plaintiff's claims are moot due to Plaintiff's rejection of the offer of judgment served pursuant to Fed. R. Civ. P. 68 that offered Plaintiff more than the maximum recovery he is entitled to as a matter of law.

5. This Court lacks subject matter jurisdiction because Plaintiff's claims are or may be subject to an arbitration agreement requiring them to submit their claims to mandatory and binding arbitration. SLS hereby exercises its right to arbitration under any such agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

6. At all times relevant, SLS acted neither negligently nor willfully within the meaning of the FDCPA 15 U.S.C. §1692 *et seq.* and it acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

7. SLS avers that some or all of the claims made in the Complaint are barred because Plaintiff and/or members of the purported class lack standing.

8. SLS acted reasonably and prudently under the circumstances.

9. Plaintiff's individual and class claims may be barred in whole or in part by the applicable statute(s) of limitation and/or the doctrine of laches.

10. Plaintiff's individual and class claims may be barred, in whole or in part, by the principles of *res judicata*, collateral estoppel, judicial estoppel, and/or the failure to assert such claims as compulsory counterclaims in prior litigation.

11. Plaintiff's individual and class claims are barred to the extent that SLS has substantially complied with the requirements of the FDCPA.

12. SLS asserts bona fide error defense available under the FDCPA, 15 U.S.C. §§ 1692, *et seq*.

13. SLS reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses.

WHEREFORE, Defendant Specialized Loan Servicing, LLC, by counsel, respectfully requests the Court to dismiss all of Plaintiff's individual and class claims, with prejudice, to deny

certification of any class, to enter judgment in favor of SLS against Plaintiff and against all purported class members in the event a plaintiff class is certified, to award SLS its costs and attorneys' fees expended herein, and for such other and further relief as the Court may deem just and appropriate.

          **SPECIALIZED LOAN SERVICING, LLC.**

          By:   /s/ Jason E. Manning
                Of Counsel

Jason E. Manning (New York Bar No. 4207288)
Counsel for Defendant
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: jason.manning@troutmansanders.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
P.O. Box 250870
New York, NY 10025
212-760-2400
917-512-6132 (fax)
shimshonwexler@yahoo.com

       /s/ Jason E. Manning
Jason E. Manning (New York Bar No. 4207288)
Counsel for Defendant
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail: jason.manning@troutmansanders.com

20147396v1