The Law Offices of Shimshon Wexler, PC
PO Box 250870
New York, New York 10025
Tel (212)760-2400
Fax (917)512-6132
swexleresq@gmail.com

October 16th, 2012

VIA CM/ECF
Hon. Frederic Block, U.S.D.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   Deochar, on behalf of himself and the class v. Specialized Loan Servicing, LLC
      E.D.N.Y. Case No. 12-CV-4170-FB-JO

Dear Judge Block:

I am the attorney for plaintiff in this action. This action was filed August 20th, 2012. Defendant had been given an extension of time to answer the complaint until October 12th, 2012. Prior to the filing of its answer Defendant filed an offer of judgment only for plaintiff's individual claims. One day later, Plaintiff requested a pre-motion conference for purposes of making a motion for class certification.

I am in receipt of the Defendant's letter requesting a pre-motion conference in order to make a motion to dismiss based on Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. I have no objection to the motion and for the reasons that follow the proposed motion has no merit.

Defendant pretends to have devised a new strategy to cut off class actions in their infancy by offering full relief to the named plaintiff and then claiming that the named plaintiff has no standing to represent the class. Defendant seeks to have the Court overturn 2nd Circuit precedent.

As the Court in *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108 (S.D.N.Y.) stated:

"Taken to its absurd logical conclusion, the policy urged by defendant would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such motion is complete -- indeed before an Answer is filed -- would result in sweeping changes to accepted norms of civil litigation in the Federal Courts."

Further, Defendant misstates throughout its letter that plaintiff rejected Defendant's offer. This is not true. Under Rule 68, the Plaintiff has 14 days to either accept or reject the offer. Thus, Defendant's concocted flawed scheme to moot the plaintiff's claim could only possibly occur 14 days after it served its offer. In this case, Defendant served its offer on October 3rd 2012. Thus, Plaintiff has until tomorrow to either accept or reject the offer.

On October 4th, 2012, Plaintiff filed a letter seeking a pre-motion conference for purposes of making a motion to certify the class in this case. Thus, at the time of Defendant's offer of judgment, plaintiff had a live controversy. Plaintiff has clearly not delayed in bringing his motion for class certification as Defendant had not even filed its answer when Plaintiff made a motion for a pre-motion conference to seek class certification.

Defendant's proposed Rule 12(b)(6) motion does not fare any better. Defendant claims that the initial letter from the Defendant does not fall under the broad guise of the Fair Debt Collection Practices Act because the letter was not seeking to collect a debt. This is nonsensical and defies common sense. The letter states a "Payment Amount" of $189.51 with payment instructions. This information is on the bottom of the page and it is perforated so that Plaintiff can tear it off and easily mail it in. Defendant states in its letter that it was sent pursuant to RESPA, Plaintiff is unsure if that is true but in any event that it was sent pursuant to RESPA does not give the Defendant a right to violate the Fair Debt Collection Practices Act.

I thank the Court for its attention to this matter.

Respectfully Yours,

Shimshon Wexler

Cc: Via CM/ECF: Jason Manning, Esq.